940 F.2d 653
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Archie BULLARD, Defendant-Appellant.
 No. 91-5132.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 24, 1991.
Decided Aug. 15, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. W. Earl Britt, District Judge. (CR-88-18-3)
 William E. Martin, Federal Public Defender, Mary E. Manton, Assistant Federal Public Defender, Raleigh, N.C., for appellant.
 Margaret Person Currin, United States Attorney, R. Daniel Boyce, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Archie Bullard was indicted in May 1988 on one count of possession with intent to distribute and distribution of cocaine. The offense was alleged to have occurred in July 1987, when Bullard sold the cocaine to Special Agent Phil Sweatt of the North Carolina State Bureau of Investigation. Bullard was arrested on the charge in July 1990 and convicted in September 1990. He appeals his conviction on the ground that the district court erred in denying his motion to dismiss the charge due to pretrial delay. Finding no error, we affirm.
 
 
 2
 * Bullard moved to dismiss the charge in August 1990, shortly after counsel was appointed; he renewed the motion at a pretrial hearing and again just prior to trial. He alleged that he was prejudiced by the delay in that he could not remember the events of the day and time at which the drug sale was supposed to have taken place. He also asserted that the testimony of Sweatt, the government's chief witness, lacked credibility due to the passage of time. In support of that assertion, he directed the court's attention to a pretrial motions hearing. At the hearing, the court ordered Sweatt to disclose the identity of the confidential informant who accompanied him to Bullard's house on the day of the drug transaction. Sweatt told Bullard's attorney that Cotton Dial was the informant. However, he later checked records of payments made to informants and discovered that Brady Locklear was the informant who accompanied him to Bullard's house that day.* He communicated this discovery to the government after the jury was selected but the day before trial, and the government informed Bullard's attorney later that day. Neither Dial nor Locklear was called as a witness, however, because only Sweatt and Bullard were present at the time of the sale; the informant waited in Sweatt's car during the transaction.
 
 
 3
 The government argued that the delay in this case did not result in actual prejudice, and that it was not motivated by any improper purpose. The government contended that Bullard did not present affidavits or other evidence showing that witnesses were no longer available, and that his assertion of faded memories was vague and conclusory. Further, the government attributed the delay to a change in attorney assignments at the United States Attorney's office, low priority given to the case because of the minimal amount of drugs involved (24.5 grams of cocaine), and Sweatt's inability to locate Bullard because of Sweatt's transfer and his busy schedule.
 
 
 4
 The district court denied the motion to dismiss and the renewed motions upon finding that Bullard had not been prejudiced by the delay.
 
 II
 
 5
 The only testimony at trial was that of Sweatt and a state chemist who identified the cocaine. Sweatt testified that he had met Bullard on three or four occasions prior to the drug transaction. He stated that he and Bullard were alone in Bullard's truck when the sale was consummated; the informant waited in Sweatt's car during the sale and could not see what was going on. Bullard attempted to impeach Sweatt by bringing out his initial inability to remember who accompanied him on the night of the drug transaction. However, he was convicted, and he appealed.
 
 III
 
 6
 Bullard claims on appeal, as he did before the district court, that his fifth amendment due process rights and his sixth amendment speedy trial rights were violated by the pre-accusatory and postindictment delay.
 
 
 7
 This Court has held that pretrial delay violates the defendant's fifth amendment due process rights only if the defendant was prejudiced by the delay, and the government's delay was not justified. United States v. Automated Medical Laboratories, Inc., 770 F.2d 399 (4th Cir.1985). The mere allegation that the passage of time might prejudice the defendant, without more, was not sufficient to find prejudicial pre-indictment delay when 38 months elapsed between the end of the crime and the indictment. United States v. Marion, 404 U.S. 307, 313 (1971). Further, even a showing of actual prejudice may not be sufficient to warrant dismissal of charges; the reason for the government's delay is also relevant. United States v. Lovasco, 431 U.S. 783 (1977). The defendant need not, however, demonstrate improper prosecutorial motive to obtain relief for pretrial delay. Howell v. Barker, 904 F.2d 889, 894-95 (4th Cir.), cert. denied, 59 U.S.L.W. 3417, 3420 (U.S.1990).
 
 
 8
 In this case Bullard alleged two types of prejudice arising from the delay: Bullard's inability to remember what he was doing on the night of the crime, and Sweatt's fading memory. Bullard contends that it was difficult for him to remember at the time of trial what he was doing during a particular 10-minute period of time three years earlier; however, he would certainly have had similar difficulty even if the lapse of time was only a few months. Therefore, his claimed memory loss does not rise to the level of prejudice necessary to warrant dismissal of the charge.
 
 
 9
 More difficult, however, is Bullard's claim that Sweatt, the government's key witness, could not remember the events at issue. That claim was supported by the evidence of Sweatt's inability to remember which informant accompanied him to Bullard's home on the night of the drug transaction. However, Sweatt was able to remember key details of the transaction, including that it took place in Bullard's silver Ford Pickup truck which had a worn red interior. Further, he had been to Bullard's home several times before the transaction, so he was acquainted with Bullard and unlikely to forget his identity. Therefore, Sweatt's memory loss did not relate to a material fact. United States v. Ballard, 779 F.2d 287, 293-94 (5th Cir.) (asserted memory loss must relate to material fact), cert. denied, 475 U.S. 1109 (1986). Further, Bullard was able to test Sweatt's memory on the stand, and to impeach him regarding his inability to recall the identity of the informant. While Bullard may have been slightly prejudiced by the passage of time and Sweatt's resulting memory loss, the prejudice was not sufficient to warrant dismissal of the charge.
 
 
 10
 In addition, although the government's delay was long, it was not motivated by any improper purpose. Rather, it was caused by a change of assignment at the United States Attorney's office, a low priority assigned to the case by the investigator and the prosecutor, and similar factors. These delays are certainly less than laudable, but they do not reflect an improper purpose, or even a reckless disregard for a known risk of loss of evidence or witnesses. Lovasco, 431 U.S. at 795, n. 17. Therefore, even if Bullard had shown that he was prejudiced by the delay, the government's action in prosecuting after the delay would not violate "fundamental conceptions of justice" or "the community's sense of fair play and decency." Howell, 904 F.2d at 895, quoting Automated Medical Laboratories, 770 F.2d at 404.
 
 
 11
 Bullard also alleges that his sixth amendment speedy trial rights were violated by the two-year delay between indictment and trial. The government asserts that the sixth amendment does not apply to this case because Bullard was not incarcerated prior to trial and did not have to post bond. However, the cases cited by the government in support of this proposition are distinguishable because they involved situations where the indictment was dismissed and brought again later, so there were no restraints on the defendants during the intervening time, including pending indictments. See United States v. Loud Hawk, 474 U.S. 302 (1986), United States v. MacDonald, 456 U.S. 1 (1982), and United States v. Fuesting, 845 F.2d 664 (7th Cir.1988).
 
 
 12
 In this case, although Bullard was not incarcerated prior to trial and was not subjected to bail, he was continuously under indictment from May 1988 until his September 1990 trial. In addition to protecting defendants from lengthy pretrial incarceration or bail, the sixth amendment also protects defendants from "the disruption of life caused by arrest and the presence of unresolved criminal charges," MacDonald, 456 U.S. at 8, and from the possibilities that long delay will impair the ability of an accused to defend himself. United States v. Marion, 404 U.S. 307, 320 (1971). Thus, sixth amendment protections are engaged either by arrest or by formal indictment. Id. Here, the sixth amendment applies to the two year period between Bullard's indictment and his trial. However, Bullard was presumably unaware of the indictment until his arrest in July 1990, two months prior to trial, so the disruption of his life prior to trial was minimal. Moreover, Bullard's insufficient showing of prejudice to his defense as a result of the delay tips the balance against a finding of a sixth amendment violation. See Barker v. Wingo, 407 U.S. 514 (1972); Ricon v. Garrison, 517 F.2d 628 (4th Cir.), cert. denied, 423 U.S. 895 (1975).
 
 
 13
 We hold that the district court did not err in denying the motion to dismiss the charge due to prejudicial delay. Therefore, we affirm Bullard's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 14
 AFFIRMED.
 
 
 
 *
 Sweatt had been to Bullard's house several times, and was accompanied by different informants on different occasions, including Dial, Locklear, and Bullard's brother Earl